**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER ALBERTO MENJIVAR-PALMA, | No.   20-71580 |
| Petitioner, | Agency No. A209-396-173 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Javier Alberto Menjivar-Palma, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id.* at 1241. We deny the petition for review.

The agency did not err in concluding that Menjivar-Palma did not establish membership in a cognizable particular social group based on his resistance to gangs. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Substantial evidence supports the agency's determination that Menjivar-Palma otherwise failed to establish that the harm he experienced or fears was or would be on account of a protected ground, including a political opinion. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Barrios v. Holder*, 581 F.3d 849,

856 (9th Cir. 2009) (rejecting political opinion claim where petitioner did not present sufficient evidence of political or ideological opposition to the gang's ideals or that the gang imputed a particular political belief to the petitioner).

In his opening brief, Menjivar-Palma does not raise any arguments challenging the agency's dispositive determination that he failed to establish the harm he experienced or fears from his uncle was or would be on account of a protected ground. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Thus, Menjivar-Palma's asylum and withholding of removal claims fail.

Menjivar-Palma also does not challenge, and therefore waives, the agency's denial of CAT relief. *See Martinez-Serrano*, 94 F.3d at 1259-60.

We reject as unsupported by the record Menjivar-Palma's contentions that the agency failed to consider evidence or otherwise erred in its analysis of his claims.

The temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED.**